FILED
SEP 11 2026
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DANIEL RAMOS,**

Plaintiff,

v.

**FIRST NATIONAL COLLECTION BUREAU, INC.,**

Defendant.

Civil Action No. **1:26-cv-00110-TSK-MJA**

# PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Daniel Ramos, proceeding pro se, files this First Amended Complaint against Defendant First National Collection Bureau, Inc. ("FNCB"), and alleges as follows:

## PARTIES

1. Plaintiff Daniel Ramos is a natural person and consumer residing in Harrison County, West Virginia.
2. Defendant First National Collection Bureau, Inc. is engaged in the collection of consumer debts and furnished information concerning the alleged account at issue to one or more consumer reporting agencies.

3. Defendant attempted to collect from Plaintiff an alleged consumer debt associated with a First National Bank of Omaha Visa account ending in **4478**.
4. Defendant identified the alleged current creditor as **Distressed Asset Portfolio III, LLC**.
5. Defendant assigned the alleged account reference number **230903340**.
6. Defendant represented that the amount allegedly due was **$1,428.11**.

## JURISDICTION AND VENUE

7. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.
8. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.
9. Plaintiff originally filed this action in the Magistrate Court of Harrison County, West Virginia.
10. Defendant subsequently removed this action to the United States District Court for the Northern District of West Virginia.
11. Venue is proper in this District because Plaintiff resides in this District and a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

12. Defendant began attempting to collect the alleged consumer debt from Plaintiff prior to the filing of this action.

13. Plaintiff disputed the alleged debt and communicated his dispute to Defendant.

14. Plaintiff sent written correspondence to Defendant concerning the disputed account and requested information and documentation concerning the alleged obligation.

15. Defendant received communications from Plaintiff notifying Defendant that Plaintiff disputed the alleged debt.

16. On or about **January 30, 2025**, Defendant sent Plaintiff a written collection communication concerning reference number **230903340**.

17. The January 30, 2025 communication identified an alleged balance of **$1,428.11**.

18. The January 30, 2025 communication offered Plaintiff a discounted payment arrangement totaling approximately **$714.05**.

19. The January 30, 2025 communication expressly stated that it was an attempt to collect a debt and that the communication was from a debt collector.

20. On or about **May 7, 2025**, Defendant sent Plaintiff another written collection communication concerning the same alleged account.

21. The May 7, 2025 communication again identified the alleged balance as **$1,428.11**.

22. The May 7, 2025 communication again offered Plaintiff a discounted payment arrangement totaling approximately **$714.05**.

23. The May 7, 2025 communication likewise stated that it was an attempt to collect a debt.

24. Plaintiff continued to dispute the alleged debt.

25. Plaintiff disputed information concerning the FNCB account directly with consumer reporting agencies, including **Experian, Equifax, and TransUnion**.
26. Plaintiff submitted those disputes through the consumer reporting agencies rather than solely communicating the disputes directly to Defendant.
27. Plaintiff disputed the accuracy and completeness of information being furnished concerning the alleged account, including whether Plaintiff owed the alleged obligation and whether the furnished information accurately reflected the status of the disputed account.
28. Upon information and belief, one or more of the consumer reporting agencies transmitted Plaintiff's disputes and relevant information to Defendant pursuant to 15 U.S.C. § 1681i(a)(2).
29. Following Plaintiff's disputes through the consumer reporting agencies, information concerning the FNCB account continued to appear on one or more of Plaintiff's consumer reports.
30. On **June 26, 2026**, Plaintiff sent Defendant a written correspondence entitled **"FINAL CEASE & DESIST."**
31. The June 26, 2026 correspondence specifically identified the alleged account ending in **4478** and Defendant's reference number **230903340**.
32. In that correspondence, Plaintiff expressly informed Defendant that the alleged debt remained disputed and instructed Defendant to cease collection activity concerning the account.

33. Plaintiff sent the June 26, 2026 correspondence by certified mail, return receipt requested, to Defendant at **50 W. Liberty Street, Suite 250, Reno, Nevada 89501**.

34. Defendant received Plaintiff's certified correspondence, as evidenced by the signed United States Postal Service return receipt.

35. Plaintiff also notified Defendant that he disputed information being furnished concerning the alleged account to consumer reporting agencies.

36. Plaintiff subsequently filed this civil action on **July 17, 2026**.

37. Plaintiff alleges that, after Defendant received notice of one or more consumer reporting agency disputes, Defendant failed to conduct a reasonable investigation concerning the disputed information and/or failed to satisfy one or more of its duties under 15 U.S.C. § 1681s-2(b).

38. A reasonable investigation required Defendant to review relevant information concerning Plaintiff's dispute, including information within Defendant's possession relating to the alleged account and Plaintiff's prior communications concerning the dispute.

39. Plaintiff alleges that Defendant failed to reasonably investigate, verify, correct, modify, or otherwise properly report the disputed information as required by law.

40. Following Plaintiff's consumer reporting agency disputes, the challenged information continued to appear on one or more of Plaintiff's consumer reports.

41. Plaintiff has suffered loss of time, inconvenience, frustration, and other damages as a result of Defendant's alleged failure to comply with its statutory obligations.

# COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

**15 U.S.C. § 1681s-2(b)**

42. Plaintiff incorporates paragraphs 1 through 41 as though fully set forth herein.

43. Defendant furnished information concerning Plaintiff and the alleged account to one or more consumer reporting agencies.

44. Plaintiff disputed the accuracy and/or completeness of Defendant's furnished information directly with one or more consumer reporting agencies.

45. Upon information and belief, Defendant thereafter received notice of one or more of Plaintiff's disputes from one or more consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2).

46. After receiving notice of a dispute from a consumer reporting agency, Defendant was required under 15 U.S.C. § 1681s-2(b) to conduct an investigation concerning the disputed information, review all relevant information provided by the consumer reporting agency, report the results of its investigation, and take the additional actions required by the statute concerning information determined to be inaccurate, incomplete, or unverifiable.

47. Defendant failed to satisfy one or more of those statutory duties.

48. Plaintiff alleges that Defendant's investigation was unreasonable and/or inadequate under the circumstances.

49. Following Plaintiff's disputes, the challenged information continued to appear on one or more of Plaintiff's consumer reports.

50. Plaintiff alleges that Defendant's failure to comply with its obligations under § 1681s-2(b) was negligent and/or willful.

51. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages, including loss of time, inconvenience, and other damages to be established through evidence and discovery.

52. Plaintiff therefore seeks the relief authorized by 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award Plaintiff actual damages to the extent established by the evidence;

C. Award Plaintiff statutory damages to the extent authorized for any willful violation of the Fair Credit Reporting Act;

D. Award punitive damages to the extent authorized by law and supported by the evidence for any willful violation;

E. Award Plaintiff recoverable court costs;

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Daniel Ramos**

Plaintiff, Pro Se

Address: 713 worthington DR

Telephone: 631-332-5216

Email: xRayvision2014@gmail.com

Date: 9-11-2026

Signature: ______________________

**Daniel Ramos, Plaintiff Pro Se**

## CERTIFICATE OF SERVICE

I hereby certify that on 11th of Sept, 2026, I served a true and correct copy of the foregoing **Plaintiff's First Amended Complaint** upon counsel for Defendant by United States Mail, postage prepaid, addressed as follows:

**Albert C. Dunn, Jr., Esq.**

**Bailey & Wyant, PLLC**

500 Virginia Street East, Suite 600

P.O. Box 3710

Charleston, WV 25337-3710

Counsel for Defendant First National Collection Bureau, Inc.

**Daniel Ramos, Plaintiff Pro Se**

Date: 9-11-2026